ASCENSIÓN P. VALDIVIESO Y TORRUELLA, demandante, apelante y apelada, *v.* CARLOS L. CHARDÓN, demandado, apelado y apelante.

No. 5539.—*Sometido:* Enero 15, 1932.   *Resuelto:* Julio 26, 1932.

*Francisco Parra Capó y Agustín E. Font,* abogados de la demandante apelante; *Rafael Rivera Zayas y Leopoldo Tormes,* abogados del demandado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Una esposa entabló pleito de divorcio y el marido radicó contrademanda. La corte de distrito, después de un juicio sobre los méritos, desestimó ambas acciones. Las dos partes

han apelado, y ambas señalan como error pasión y prejuicio en la apreciación de la prueba. Los autos no revelan prejuicio contra ninguna de las partes ni prejuicio o pasión algunos en ningún otro sentido en tal grado que justifiquen, sin más, a este tribunal en variar el resultado.

Tampoco hallamos un error tan manifiesto en la apreciación de la prueba del demandado que justifique la revocación de la sentencia en lo atinente a la desestimación de la contrademanda. A ese respecto la sentencia no es contraria a derecho ni a la prueba, como sostiene el demandado. Las razones apuntadas para rechazar el testimonio de la demandante, sin embargo, no se han expuesto con tanta claridad, ni son tan persuasivas, como las expresadas por el juez sentenciador como determinantes de su negativa a creer la prueba del demandado. Ambas acciones se fundaron en trato cruel. Nuestra única duda en el caso ha sido si los hechos establecidos por la demandante equivalen o no a aquel trato cruel que constituya una causa para el divorcio. Nuestra conclusión es que la constituye.

La demanda contenía la alegación de

"Que la demandante pertenece a una familia que por sus relaciones y su posición estuvo en condiciones de darle y le dió una educación esmerada, fundada en principios religiosos y de respeto social y familiar, haciendo de ella una mujer de sentimientos delicados, amante del hogar, devota de sus familiares y muy sensible a las durezas de un trato áspero y humillante."

La contestación admitió la veracidad de esa alegación.

Uno de los primeros incidentes en la vida conyugal de este matrimonio fué un disgusto durante el almuerzo. La única prole, una hija, tenía a la sazón algo más de un año de edad. Se habían servido cangrejos y el hermano de la esposa dió a la niña una boca o un pedacito de carne de cangrejo. El marido se opuso. La esposa dijo que no tenía nada de particular. El esposo dijo a su consorte que ella era "una mujer canalla," y se fué de la mesa. La hermana de

la esposa le dijo a él: "Carlos, mi hermana no le ha hecho nada para eso." Él contestó que su mujer era una sinvergüenza. Entonces él se fué de la casa. La esposa fué donde un cuñado del marido y le relató lo sucedido. Varios días después el cuñado aconsejó a la esposa que consultara a un abogado. Cuando el marido volvió, luego de una ausencia de una o dos semanas, advirtió que lo hacía sin condiciones de clase alguna, y que no estaba asumiendo ninguna obligación.

Posteriormente la esposa contrajo una bronquitis que ella atribuyó al maltrato que le había dado su marido. La bronquitis degeneró en pulmonía. La alcoba contigua a la de la esposa estaba ocupada por la hermana de ésta y la niña. El marido se llevó a la niña a otra parte de la casa. La esposa dijo que si su cuñado hubiera estado allí esto no habría ocurrido. La respuesta fué: "Ahora comprendo que tú eres la mujer más canalla y sinvergüenza que hay."

Antes de su matrimonio la esposa había heredado algunos bienes. Marido y mujer vivían en una casa perteneciente a la esposa y a sus hermanos y hermanas. El marido no contribuía a los gastos del hogar. La mayoría de las riñas eran en torno al dinero. El esposo estaba levantando una vaquería, en la que invertía casi todo su sueldo, y a veces necesitaba dinero. En ciertas ocasiones, cuando su esposa se negaba a darle alguno, él la amenazaba con entablar procedimiento de divorcio y con llevarse la niña. En una de estas ocasiones él trató de darle un puntapié. Cierta vez la esposa le entregó $3,500. Ella se negó a darle $6,500 requeridosle posteriormente.

Las relaciones conyugales habían cesado unos dos años antes de radicarse la demanda en el presente caso. Estas relaciones fueron rotas por el marido. Se convirtió en un hombre taciturno, frío e indiferente. Él mismo dice que sólo hablaba a su esposa cuando era necesario. A veces él permitía que su mujer le sirviera la comida en la mesa. Otras

veces no aceptaba esta cortesía. Al ser entrevistado por el abogado de su esposa en presencia de ésta y de su hermana varios meses antes de iniciarse esta acción, él insistió en que un divorcio era la única solución posible.

Algunas de las primeras ofensas fueron condonadas. Otras no. La actitud finalmente asumida por el esposo y en la que persistió continuamente durante un período de varios años, era por sí misma un motivo suficiente para el divorcio. Fué tan sólo cuando la situación en que se colocó a la esposa llegó a ser intolerable y únicamente después que el marido, cuando alguien se le acercó para indagar respecto a la posibilidad de una conciliación, había resultado inexorable, que se inició el presente procedimiento.

*Debe revocarse la parte de la sentencia apelada que desestimó la demanda y dictarse sentencia a favor de la demandante, con costas. En cuanto a la desestimación de la contrademanda se refiere, la sentencia de la corte de distrito debe ser confirmada.*

El Juez Asociado Señor Wolf disintió.\*

El Juez Asociado Señor Córdova Dávila no intervino.